IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**ROBERTO GONZALEZ-PONCE,**

      **Petitioner,**

v.                                              **Case No. 1:19-cv-00390**

**DAVID RICH, Acting Warden**
**FCI McDowell,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are the *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner, Roberto Gonzalez-Ponce ("Petitioner"), and Respondent's Response to the Petition in which Respondent seeks dismissal of the petition. (ECF Nos. 1, 10). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned **FINDS** that Petitioner clearly is not entitled to relief; therefore, the undersigned **RECOMMENDS** that the § 2241 petition, (ECF No. 1), be **DENIED**; Respondent's request for dismissal, (ECF No. 10), be **GRANTED**; and this matter be **DISMISSED**, with prejudice, from the docket of the Court.

1

I.  **Factual and Procedural History**

On May 10, 2016, a federal grand jury sitting in the Northern District of Illinois returned a superseding indictment, charging Petitioner with knowingly and intentionally possessing with intent to distribute a controlled substance, specifically heroin, in violation of 21 U.S.C. § 841(a) ("Count One"); and two counts of forcibly assaulting, resisting, or impeding an officer of the United States and inflicting bodily injury in violation of 18 U.S.C. § 111(a)(1) and (b) ("Counts Two and Three"). *United States v. Gonzales-Ponce*, Case No. 1:16-cr-00112 (N.D. Ill. Feb. 23, 2016) at ECF No. 31. On January 10, 2017, Petitioner's counsel submitted a Motion to Withdraw, asserting that during the course of her representation of Petitioner, disagreement over litigation tactics had arisen and resulted in a "complete breakdown in communication and trust." *Id.* at ECF No. 45 at 1. On January 17, 2017, following a hearing on the motion, counsel's request for withdrawal was granted, and Petitioner was appointed new counsel on January 26, 2017. *Id.* at ECF Nos. 48, 49.

On June 5, 2017, Petitioner entered a plea of guilty in the United States District Court for the Northern District of Illinois (the "Sentencing Court"). *Id.* at ECF No. 56. Petitioner did so pursuant to a written agreement he entered into with the United States whereby Petitioner agreed to plead guilty to Count One of the indictment. *Id.* at ECF No. 57 at 2. Petitioner acknowledged that he was factually guilty of the crime as he knowingly and intentionally possessed with intent to distribute heroin. *Id.* The factual basis portion of the plea agreement acknowledged that it was "the government's position" that Petitioner assaulted law enforcement officers during his arrest for the crime of conviction. *Id.* at 4. The plea agreement further acknowledged that the statutory maximum for Count One was 20 years imprisonment, and that the Sentencing Court would apply the United

2

States Sentencing Guidelines ("Guidelines") in fashioning a sentence at or below that statutory maximum. *Gonzales-Ponce*, Case No. 1:16-cr-00112 at ECF No. 57 at 4-5. The plea agreement went on to note that the United States would take the position that Petitioner was eligible for a sentence enhancement under Guidelines § 3A1.2(c)(1), because he assaulted a law enforcement officer during the course of his arrest, while Petitioner reserved his right to dispute this enhancement. *Id.* at 6. The parties stipulated that it was the position of the United States that the advisory Guidelines range should be 188 to 235 months imprisonment, while Petitioner believed the advisory Guidelines range should be calculated at 70 to 87 months imprisonment. *Id.* at 7. Petitioner acknowledged that the Sentencing Court would ultimately determine the appropriate Guidelines calculation, and that Petitioner would "not have a right to withdraw his plea on the basis of the [Sentencing Court's] rejection" of the parties' Guidelines calculations. *Id.* at 8.

On August 17, 2017, the parties submitted Sentencing Memoranda. *Id.* at ECF Nos. 60, 61. Consistent with the plea agreement, the United States argued that Petitioner should be subject to an enhancement for assaulting law enforcement officers during the course of his arrest for the crime of conviction. *Id.* at ECF No. 60 at 4-5. Petitioner acknowledged in his sentencing memorandum that while he "had initial reservations about giving up his right to contest this enhancement," he no longer contested it, and was thus eligible for a Guidelines reduction for acceptance of responsibility. *Gonzales-Ponce*, Case No. 1:16-cr-00112 at ECF No. 61 at 3-4. While Petitioner accepted the applicability of the enhancement, he contended that "the six-level upward adjustment overstates the appropriate punishment for this conduct," as the arresting officers also acted injudiciously and deployed excessive force during the course of the arrest. *Id.* at 8-9.

On September 7, 2017, Petitioner's sentencing hearing was held by the Sentencing Court. *Id.* at ECF No. 63. In the judgment order entered on September 8, 2017, Petitioner was sentenced to 100 months in prison with three years of supervised release. *Id.* at ECF No. 66. Petitioner did not appeal his conviction or sentence and, at the time of this filing, had not filed a § 2255 petition in the Sentencing Court.

On May 17, 2019, the instant § 2241 petition was entered on the docket. (ECF No. 1). In the petition, Petitioner contends that the Sentencing Court erroneously applied a sentence enhancement under § 3A1.2(c)(1) of the Guidelines when calculating Petitioner's sentence. (*Id.* at 2). Petitioner further argues that, pursuant to the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his sentence is invalid as "[a]ssault no longer qualifies as a crime of violence and may not serve as enhancement purposes [sic] under the [Guidelines] provision." (*Id.*). Petitioner believes that, in light of *Johnson*, his sentence should be recalculated without the § 3A1.2(c)(1) enhancement. (*Id.* at 7). Petitioner additionally relies on *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *Descamps v. United States*, 570 U.S. 254 (2013), in support of his claim for relief. (*Id.* at 8).

On September 12, 2019, Respondent submitted a Response to the § 2241 petition, contending that the petition should be dismissed, or in the alternative, transferred to the Sentencing Court. (ECF No. 10 at 6). Respondent argues that, as Petitioner challenges the imposition of his sentence rather than its execution, he has filed a mislabeled motion under § 2255. Respondent further contends that Petitioner has not established the applicability of the "savings clause" to his claims, which he must show in order to bring his collateral attack in this Court. (*Id.* at 3-4). Finally, Respondent asserts that, even assuming he could meet the requirements of the savings clause, Petitioner's claims are

4

"substantively meritless" because *Johnson* is irrelevant to the Guidelines enhancement applied in Petitioner's case, and because he did not object to the application of the enhancement at sentencing. (*Id.* at 5).

On November 25, 2019, Petitioner submitted a Response to Respondent's request his petition be dismissed. (ECF No. 16). Petitioner argues that the enhancement under § 3A1.2(c)(1) was improper because he was a mere "courier" of controlled substances and because arresting police officers used excessive force in detaining him. (*Id.* at 2-3). Petitioner further asserts that he may rely on § 2241 to bring his claims because he meets the required elements of the savings clause; although, he but does not elaborate on this assertion. (*Id.* at 3).

## II.  Standard of Review

Respondent requests that Petitioner's § 2241 petition be dismissed. (ECF No. 10 at 1). Respondent does not articulate under which rule's authority he seeks dismissal, but, presumably, this request is made pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Respondent filed a Response concurrently with his motion to dismiss, the motion technically should be considered as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). However, the distinction makes no practical difference as the same standard of review applies to motions to dismiss under Rule 12(b)(6) and motions for judgment on the pleadings under Rule 12(c), and both motions may be filed in habeas actions. *Id.* at 138-39; *see also Martin v. U.S. Parole Comm'n*, No. CV PWG-17-3335, 2018 WL 2135009, at *1 (D. Md. May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual

inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion without converting it into a motion for summary judgment. *Id.* The Court "may also consider documents attached to the complaint ... as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

### III. Discussion

**A. Petitioner's ability to use the savings clause**

Petitioner alleges that the application of a Guidelines enhancement to his sentence is invalid. (ECF No. 1 at 2). Petitioner is clearly challenging the legality, rather than the execution, of his sentence. Accordingly, Petitioner's action is properly brought under 28 U.S.C. § 2255, which is the exclusive remedy for challenging the validity of a federal conviction and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Although § 2241 provides a general grant of habeas corpus authority, the remedy under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.

However, § 2255(e) provides a "savings clause" exception which serves as a means

6

by which petitioners may apply for a traditional writ of habeas corpus pursuant to § 2241. It states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," *Vial*, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F.Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the petitioner's claim must contain all three of the following elements: (1) at the time of his conviction, the settled law of the circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 328, 333-34 (4th Cir. 2000). With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of the circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to

this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit ") held in *Wheeler* that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the court does not have jurisdiction to entertain the § 2241 petition. *Id.* at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. *See Hood v. United States*, 13 Fed. Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014), *aff'd*, 573 Fed. Appx. 268 (4th Cir. 2014).

**1. Governing law**

Petitioner was convicted in the Northern District of Illinois which sits within the appellate region of the United States Court of Appeals for the Seventh Circuit ("Seventh Circuit"). As he is incarcerated within the jurisdiction of the Southern District of West Virginia, however, Petitioner properly filed the instant § 2241 petition in this Court. "[T]he substantive law relevant to a § 2241 petition is that of the circuit in which the petitioner was convicted." *Chaney v. O'Brien*, No. CIV.A. 7:07CV00121, 2007 WL 1189641, at *3 (W.D. Va. Apr. 23, 2007), *aff'd,* 241 F. App'x 977 (4th Cir. 2007). "Application of the law of the place of conviction is a consistent, reasonable rule, as is evidenced by the requirement that § 2255 motions be filed in the district of conviction." *Hernandez v. Gilkey*, 242 F. Supp. 2d 549, 554 (S.D. Ill. 2001). Moreover, applying the law of the court of confinement would result in the choice of law being based "on the fortuitous placement of a prisoner by the Bureau of Prisons, not the more rational factor of the place of conviction." *Chaney,* No. CIV.A. 7:07CV00121, 2007 WL 1189641, at *3

(internal quotation omitted). This could result in inequitable outcomes such as co-defendants convicted of the exact same crimes receiving different relief based on the location of their confinement. *Id.* For these reasons, when analyzing a federal inmate's § 2241 petition, courts in this circuit apply the substantive law of the court of conviction when it differs from the substantive law of the reviewing court's circuit. *See Hahn v. Moseley*, No. 18-6283, 2019 WL 3308550, at *3 (4th Cir. July 24, 2019) ("In evaluating substantive claims under the savings clause … we look to the substantive law of the circuit where a defendant was convicted.").

While the law of the court of conviction governs a prisoner's substantive § 2241 claims, Fourth Circuit procedural law continues to control the disposition of the petition. *Id.* Accordingly, the undersigned will consider Petitioner's § 2241 petition under the substantive law of the Seventh Circuit, while applying the procedural law of the Fourth Circuit.

**2. Petitioner is not entitled to use the savings clause.**

*i). Ability to challenge guidelines error in habeas review*

Petitioner is attempting to challenge the validity of his sentence and, as such, must meet the savings clause requirements outlined in *Wheeler*. 886 F.3d at 429. *Wheeler* mandates that an inmate attempting to challenge the validity of his sentence via the savings clause must show not only that there has been a retroactive change of law which invalidates the sentence imposed, but also that because of this retroactive change, "the sentence now presents an error sufficiently grave to be deemed a fundamental defect." *Id.*

In *United States v. Foote*, the Fourth Circuit noted that "not every alleged sentencing error can be corrected on collateral review." 784 F.3d 931, 932 (4th Cir. 2015). "[O]nly those errors presenting a 'fundamental defect which inherently results in a

9

complete miscarriage of justice' are cognizable." *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). The *Foote* Court considered whether a petitioner's habeas challenge to his sentence, which was based on a subsequently-nullified career offender designation, was a "fundamental defect" sufficient to merit review on a motion to vacate. *See* 784 F.3d at 932. Ultimately, the Fourth Circuit declined to "declare that a fundamental defect or a complete miscarriage of justice has occurred in a situation in which [the petitioner] was (and on remand, would again be) sentenced under an *advisor*y Guidelines scheme requiring individualized analysis of the sentencing factors set forth in 18 U.S.C. § 3553(a)." *Id.* at 941 (emphasis original). The Fourth Circuit based its determination largely on the Supreme Court of the United States ("Supreme Court's") decision in *United States v. Booker*, 543 U.S. 220 (2005). which "'stripped [the Guidelines] of legal force and made them advisory.'" *Id.* at 942 (quoting *United States v. Dean*, 604 F.3d 169, 173 (4th Cir. 2010)) (brackets in original). "Because of this lack of '"legal force,"'" the Fourth Circuit determined it "would be remiss to place an erroneous Guidelines classification under an advisory scheme in the same category as violation of a statute or constitutional provision." *Id.* The Fourth Circuit later affirmed that the advisory nature of the Guidelines renders an error in their calculation a non-fundamental defect. *See Lester v. Flournoy,* 909 F.3d 708, 715 (4th Cir. 2018) (error in guidelines calculation was fundamental error where petitioner sentenced under pre-*Booker* mandatory guidelines, but "*Foote* undoubtedly would bar [the petitioner's] petition had he been sentenced under the advisory Guidelines."); *see also Kornegay v. Warden, FCI Butner,* 748 F. App'x 513, 514 (4th Cir. 2019) (denying § 2241 petition because "[the petitioner] was sentenced under the advisory Guidelines and *Foote* bars his petition.") (unpublished).

The question of whether or not a claim of error is a "fundamental defect" as required to meet the savings clause requirement is governed by Fourth Circuit procedural law as set out in *Wheeler*. 886 F.3d at 429. Accordingly, Fourth Circuit precedent governs whether a claim of advisory Guidelines error presents a "fundamental defect" sufficient to be cognizable on collateral review under the fourth prong of the *Wheeler* test. In any event, the Seventh Circuit has also concluded that advisory Guidelines errors are not cognizable in habeas review. *See Hawkins v. United States,* 724 F.3d 915, 917 (7th Cir. 2013) (claims of error in calculation of advisory Guidelines range are not cognizable in habeas review); *see also Hanson v. United States*, 941 F.3d 874, 878 (7th Cir. 2019); ("An error that may have occurred in calculating the Guidelines range does not constitute a 'miscarriage of justice' when the sentence is well below the ceiling imposed by Congress.") (quotation omitted); *Miller v. United States*, No. 16 C 4387, 2018 WL 3973536, at *6 (N.D. Ill. Aug. 20, 2018) ("First, and most significantly, because the Sentencing Guidelines are advisory rather than mandatory, arguments concerning alleged court error in sentence calculations are not cognizable on collateral review in a § 2255 motion.").

Petitioner was sentenced in 2017, well after the 2005 *Booker* decision, and consequently was not subject to the mandatory application of the Guidelines. *Gonzales-Ponce*, Case No. 1:16-cr-00112 at ECF Nos. 63, 66. As the Guidelines enhancement employed by the sentencing court was used to calculate an advisory, not mandatory, Guidelines range and did not operate to impose a sentence above the statutory maximum, Petitioner is unable to present "an error sufficiently grave to be deemed a fundamental defect" as required to use the savings clause. *See Wheeler*, 886 F.3d at 429; *Foote,* 784 F.3d at 941; *see also Lee v. Andrews*, No. 5:18-HC-2031-FL, 2018 WL 4924008, at *2 (E.D.N.C. Oct. 10, 2018) ("Because the [advisory Guidelines] error petitioner alleges does

not rise to the level of a 'fundamental defect,' petitioner cannot satisfy the fourth prong of the *Wheeler* test."); *Fennell v. Joyner*, No. CV 5:18-1740-HMH-KDW, 2019 WL 1253233, at *3 (D.S.C. Mar. 19, 2019) (allegedly erroneous application of career offender enhancement not a fundamental defect under fourth prong of *Wheeler* test).

Accordingly, the undersigned **FINDS** that Petitioner fails to establish that he meets the requirements of the savings clause as contained in § 2255(e) with respect to his allegations of a Guidelines error; as a result, he is precluded from bringing this claim in a § 2241 petition.

*ii.) Petitioner does not meet the other savings clause requirements*

Even assuming that the error alleged by Petitioner was cognizable in habeas review, he is not entitled to utilize the savings clause because he does not meet all of the other elements of the *Wheeler* test. As noted, *Wheeler* requires that a petitioner show "subsequent to [his] direct appeal and first § 2255 motion, the … settled substantive law changed and was deemed to apply retroactively on collateral review." *Wheeler*, 886 F.3d at 429. Petitioner never submitted a § 2255 petition in the District Court. Accordingly, he is unable to establish that the settled law changed subsequent to the conclusion of his first § 2255 petition. *See Rodriguez-Lozano v. Saad,* No. 3:18-CV-84, 2019 WL 3771739, at *5 (N.D.W. Va. July 16, 2019), *report and recommendation adopted*, No. 3:18-CV-84, 2019 WL 3771750 (N.D.W. Va. Aug. 9, 2019) ("Petitioner never filed a direct appeal or an initial § 2255 and cannot satisfy the savings clause of § 2255(e) under *Wheeler*. Accordingly, Petitioner's claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition on the merits."); *Harding v. Owens*, No. 5:12-CV-01213-JMC, 2013 WL 5434151, at *4 (D.S.C. Sept. 27, 2013) ("The Magistrate Judge concluded that Petitioner did not satisfy prong two [of *Wheeler*] because he never filed a

§ 2255 motion. The court agrees.") (internal citation omitted); *Brooks v. Bragg*, No. CV 5:18-1669-RMG-KDW, 2019 WL 2125230, at \*3 (D.S.C. Apr. 2, 2019), *report and recommendation adopted*, No. CV 5:18-1669-RMG, 2019 WL 1856630 (D.S.C. Apr. 25, 2019) ("Because [the petitioner] never filed a § 2255 motion to vacate, he is not able to satisfy the second prong of *Wheeler* showing that settled substantive law changed 'subsequent to [his] direct appeal and first § 2255 motion.'").[1] Accordingly, the undersigned **FINDS** that Petitioner's claims are not able to be brought via a § 2241 petition, and, consequently, this Court lacks jurisdiction over his petition.

### B. Transfer or dismissal of the petition.

Inasmuch as Petitioner's claims are not properly brought under § 2241, his petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). If this Court chooses to dismiss Petitioner's action, then he will be required to pursue his claim in the United States District Court for the Northern District of Illinois. Unlike § 2241 petitions, which are brought in the district where the petitioner is incarcerated at the time that he files his petition, *see United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008), § 2255 directs the movant to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a).

Notably, the Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions;" instead, leaving district courts the discretion to determine whether the transfer of a § 2255 motion is "in the interest of justice." *Jones v. Braxton*,

---

[1] An additional barrier to Petitioner's ability to bring his claims under § 2241 is that two of the Supreme Court cases he relies upon, *Descamps* and *Johnson*, were decided *before* he was sentenced, and the third, *Sessions*, is not applicable to his case. *See Johnson,* 135 S. Ct. 2551 (decided in 2015); *Descamps,* 570 U.S. 254 (decided in 2013); *Sessions,* 138 S. Ct. at 1210-11 (analyzing a statutory interpretation under the Immigration and Nationality Act).

13

392 F.3d 683, 691 (4th Cir. 2004). A district court may dismiss, rather than transfer, a petition that is meritless or time-barred. *United States v. McNeill*, 523 F. App'x 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999)) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under § 1631 that were frivolous). The Seventh Circuit as well recommends dismissal, rather than transfer, of claims which are clearly unable to succeed. *See Phillips*, 173 F.3d at 610–11. The Seventh Circuit has also held that "district courts should not re-characterize § 2241 petitions as § 2255 motions because 'judges must respect the plaintiff's choice of statute to invoke … and give the action the treatment appropriate under that law.'" *Jenkins v. Krueger*, No. 15-CV-1307, 2015 WL 4750787, at *3 (C.D. Ill. Aug. 11, 2015) (quoting *Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir.2007)).

It is clear that Petitioner would be unable to succeed on the claims presented in his petition if the undersigned were to construe Petitioner's § 2241 petition as a motion under § 2255 and transfer it to the District Court. As noted, the Seventh Circuit has recognized that the claim of error raised by Petitioner, alleging that the District Court erred in assigning an advisory Guidelines sentencing range, is not cognizable in a § 2255 petition. *Hawkins,* 724 F.3d at 917 *Hanson,* 941 F.3d at 878. Additionally, if construed as a § 2255 petition, the petition would be untimely under the applicable one-year statutory period of limitations to which such petitions are subject. *See* 28 U.S.C. § 2255(f). Petitioner submitted the instant petition on, at the earliest, May 5, 2019. (ECF No. 1 at 9).[2] As Petitioner was convicted in September 2017, and did not submit an appeal, his petition

---

[2] Petitioner appears to have inadvertently transposed the month and day on his notice of filing attached to his petition, indicating that he actually submitted his petition on May 13, 2019, (ECF No. 1 at 9), however, as his petition is untimely regardless, this distinction is immaterial.

14

would now be barred by the applicable statute of limitations. *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) ("[S]ince [the petitioner] did not file a direct appeal, his conviction became final for purposes of § 2255 subsection (1)," on the date "upon which he declined to pursue further direct appellate review.").

The only Supreme Court case mentioned by Petitioner which could conceivably extend the time within which he could have submitted a § 2255 motion, *Sessions v. Dimaya*, was decided on April 17, 2018, making his petition untimely even if that case were considered to restart the statutory time period. *See* 138 S. Ct. 1204. In any event, that case analyzed whether the definition of a "violent felony" contained in § 1227(a)(2)(A)(iii) of the Immigration and Nationality Act was unconstitutionally vague; that issue has no bearing on Petitioner's claim of an alleged Guidelines error. *See Beckles v. United States,* 137 S. Ct. 886, 894 (2017) (void for vagueness doctrine is not applicable to advisory Guidelines enhancements); *see also Perry v. United States*, 877 F.3d 751, 755 (7th Cir. 2017) (constitutional vagueness claim as applied to advisory Guidelines is not cognizable); *United States v. Reynolds,* No. 2:10-CR-164, 2018 WL 4076986, at *7 (N.D. Ind. Aug. 27, 2018) (finding that the holding in *Johnson* regarding due process vagueness concerns did not apply to advisory Guidelines and did "not permit [the petitioner] to bring a motion under § 2255 that would otherwise be untimely."). Given that Petitioner's claims, if construed as a § 2255 motion, would be barred by the statutory period of limitations, transferring his petition would be a waste of judicial resources. See *Hambric v. Coakley,* No. 5:15-CV-04549, 2016 WL 6594123, at *4 (S.D.W. Va. Oct. 13, 2016), *report and recommendation adopted*, No. 5:15-CV-04549, 2016 WL 6582471 (S.D.W. Va. Nov. 4, 2016) (declining to transfer petition which was clearly untimely). Accordingly, the undersigned **FINDS** construing Petitioner's § 2241 petition as one under § 2255 and

transferring it to the District Court is not in the interest of justice as the petition is plainly without merit.

### IV. <u>Proposal and Recommendations</u>

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED;** that Respondent's request for dismissal, (ECF No. 10), be **GRANTED;** and that this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727

F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Petitioner and counsel of record.

**FILED:** May 22, 2020

_____
Cheryl A. Eifert
United States Magistrate Judge